CRAIG K. PERRY, Esq.
Nevada Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
2300 W. Sahara Ave., Suite 800
Las Vegas, NV 89102
Telephone: (702) 228-4777
Fax: (702) 943-7520
Email: cperry@craigperry.com

CHRISTOPHER E. ROBERTS, Esq.
BUTSCH ROBERTS & ASSOCIATES LLC
7777 Bonhomme Avenue, Suite 130
Clayton, MO 63105
Telephone: 314-863-5700
Email: croberts@butschroberts.com
*Pro Hac Vice*

*Attorneys for Plaintiff*
*JASON CARRODINE*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JASON CARRODINE, *individually, on behalf of himself, and all others similarly situated,* | Case No. 2:24-cv-01900-JAD-NJK |
| Plaintiff, | **SUGGESTIONS IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |
| vs. | |
| ZUPAX MARKETING, LLC | |
| Defendant. | |

**PLAINTIFF'S SUGGESTIONS IN SUPPORT OF HIS MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ZUPAX MARKETING, LLC**

Pursuant to Rule 55(b), Plaintiff Jason Carrodine ("Plaintiff" or "Carrodine"), through his counsel, submits his Suggestions in Support of his Motion for Default Judgment against Zupax Marketing, LLC ("Defendant").

1

I. **RELEVANT FACTS AND PROCEDURAL HISTORY**

Mr. Carrodine resided Las Vegas, Nevada, at all times relevant to this lawsuit. Doc. 11, ¶ 13. Plaintiff is the owner of a cell phone, the phone number for which is (702) XXX-9862. Doc. 11, ¶ 24; Ex. 1, Declaration of Jason Carrodine ("Carrodine Dec."), ¶ 4. Plaintiff uses this phone number primarily for personal residential purposes such as communicating with friends and family members. Doc. 11, ¶¶ 25-27; Carrodine Dec., ¶ 5. To avoid being contacted by telemarketers, Plaintiff registered his phone number on the National Do-Not-Call Registry ("DNC List") on October 23, 2014. Doc. 11, ¶ 25; Carrodine Dec., ¶ 6, Dec. Exhibit A.

Defendant is a Florida limited liability company that transacts business throughout the United States. Doc. 11, ¶ 14. Defendant's business is in the area of telemarketing. *Id.* at ¶¶ 15-18. Specifically, Defendant markets its clients' products and services, in part, through placing telemarketing calls. *See Id.* at ¶ 18.

Despite his number being registered on multiple do not call lists and despite not providing Defendant consent to call him, beginning on March 20, 2024, Carrodine began receiving a multitude of telemarketing calls on his phone that attempted to provide him with counsel regarding an automobile accident. *See* Doc. 11, ¶¶ 24-54; Carrodine Dec., ¶¶ 8-17. Mr. Carrodine learned of Defendant's involvement in these calls through the exchange of information with the previously-named Defendant. Carrodine Dec., ¶ 15.

Mr. Carrodine received a total of at least 20 communications from Defendant, which followed the identical or similar scripts, and otherwise had similar indicia. Doc. 11, ¶¶ 24-38; Carrodine Dec., ¶¶ 8-17. Notably after each of most of these communications, Mr. Carrodine advised the caller that he was not interested in the services being marketed and asked that the caller no longer contact him. Carrodine Dec., ¶¶ 8-17. Yet, the calls persisted. *See id.*

Accordingly, Plaintiff filed an amended complaint against Defendant on December 20, 2024, for violations of 47 U.S.C. § 227(c) of the TCPA, for calling his phone number despite his number being on the DNC List. Doc. 11 *passim*. Defendant was served on January 8, 2025. Doc. No. 14. Defendant failed to answer, and Plaintiff moved for default. Doc. No. 15. The Clerk of Court entered default against Defendant on July 10, 2025. Doc. No. 16. Plaintiff now seeks default judgment in the amount of $30,000 for Defendant's violations of Section 227(c) of the TCPA. *See* Carrodine Dec., ¶ 17.

## II.   ARGUMENT

### A.   Applicable Standard

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). "A default judgment entered by the court binds the party facing the default as having admitted all of the well-pleaded allegations in the plaintiff's complaint." *Angelo Iafrate Constr., LLC v. Potaschnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004). While the court takes such allegations as true, it does not take as true "allegations relating to damages" and requires those to be established "to a reasonable degree of certainty." *Cranor v. Skyline Metrics, LLC*, 2018 WL 11437828, at *2 (W.D. Mo. Dec. 14, 2018) (Kays, J.) (internal citations and quotations omitted).

"Entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *see also Bank of New York Mellon v. Meridian Pvt. Residences Homeowners Ass'n*, 2018 WL 11470062, at *1 (D. Nev. Aug. 9, 2018). The Court may then enter a default judgment against the non-responding party. *See* FED. R. CIV. P. 55(b)(2). Moreover, "when uncontested affidavits and other documentary proof make damages readily ascertainable, the district court does not abuse its

discretion in failing to have an evidentiary hearing on damages." *Cranor v. Skyline Metrics, LLC*, 2019 WL 13203950, at *1 (W.D. Mo. Oct. 3, 2019) (Kays, J.).

In addition to the factual allegations concerning liability being deemed true, Plaintiff has submitted a declaration seeking statutory damages of $30,000.00. Carrodine Dec., ¶ 17. This amount is readily determinable as Plaintiff seeks statutory damages, and those damages are based on number of calls he received in violation of the various statutes and sections of the statutes. *See id.* Plaintiff respectfully requests that Court enter default judgment in his favor in the amount of $30,000.00 for the violations at issue.

> **B.    The Court should enter a default judgment against Defendant for Plaintiff's claims under 47 U.S.C. § 227(c) of the TCPA.**

Plaintiff seeks relief under Section 227(c) of the TCPA. *See* Doc. 11 *passim*. To state a claim under Section 227(c)(5), a plaintiff must allege that he: (1) "received more than one telephone call within any 12-month period;" (2) that the calls were "by or on behalf of the same entity"; and, (3) that the calls violate the "regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). The regulations provide, in turn, that "[n]o person or entity shall initiate any telephone solicitation to . . . residential telephone subscriber residential who has registered . . . his telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). In short, the TCPA "prohibits telephone solicitations to residential telephone subscribers who are registered on the national do-not-call registry." *Hand v. Beach Entm't KC, LLC*, 456 F.Supp.3d 1099, 1119 (W.D. Mo. 2020); *see also Eagle v. GVG Capital, LLC*, 2023 WL 1415615, at *2 (W.D. Mo. Jan. 31, 2023).

There are two key terms in the relevant regulation. First, the term "telephone solicitation" means a call, "the purpose" of which is to "encoura[ge] the purchase . . . of, or investment in, property, goods or services." 47 C.F.R. § 64.1200(f)(15). Second, the calls must be to a "residential telephone subscriber." 47 C.F.R. § 64.1200(c)(2). A cell phone user whose phone

number is registered on the National Do-Not-Call Registry may be considered a residential telephone subscriber. *See Hand*, 456 F. Supp.3d at 1120-21; *Clemons v. Bradford O'Neil Agency, LLC*, 2021 WL 6062491, at *3-4 (E.D. Mo. Dec. 22, 2021). Moreover, a cell phone line held in the name of an individual generally qualifies one as a "residential telephone subscriber." *See generally Smith v. Truman Road Dev., LLC*, 2020 WL 2044730, at *10-12 (W.D. Mo. Apr. 28, 2020).

Plaintiff establishes the elements of his claim under Section 227(c) of the TCPA. First, Plaintiff registered his phone number on the National Do-Not-Call Registry well before he received the calls at issue. Carrodine Dec., ¶¶ 6, 8; Aff. Ex. A; Doc. 11, ¶¶ 25, 30-38. Second, Plaintiff establishes that he received more than one call within a 12-month period from Defendant as he received at least 20 calls from Defendant. Carrodine Dec., ¶¶ 8-15; Doc. 11, ¶¶ 25, 30-38. Third, Plaintiff is a residential subscriber as he registered his cell phone numbers on the National Do-Not-Call Registry, the accounts are held in his individual name (not in the name of a business) and he uses the phones primarily for personal purposes, such as communicating with friends and family members. Carrodine Dec., ¶¶ 4-6; Doc. 11, ¶¶ 25-27. Last, the calls at issue were "telephone solicitations" as they attempted to sell Plaintiff personal injury representation services, which was the nature of Defendant's marketing business. Carrodine Dec., ¶¶ 8-15.

Plaintiff is therefore entitled to statutory damages under Section 227(c) for the 20 calls he received from Defendant. *See* Carrodine Dec., ¶¶ 15, 17. Moreover, Plaintiff is entitled to treble damages, as these violations were willful. Specifically, Plaintiff asked Defendant to stop calling and that he was not interested in the marketed services, yet Defendant continued to call Plaintiff. Carrodine Dec., ¶¶ 7-15, 17. Plaintiff is therefore entitled to willful damages for these

20 calls, making his total damages $30,000 ($1,500 x 20 calls) under Section 227(c) of the TCPA. *See id.*

      WHEREFORE Plaintiff, Jason Carrodine, hereby moves for an entry of default against Defendant, Zupax Marketing, LLC and for the Court to grant any further relief it deems just and proper.

Dated: November 25, 2025

                                                      BUTSCH ROBERTS & ASSOCIATES LLC

                                                       */s/ Christopher E. Roberts*
                                                       Christopher E. Roberts (pro hac vice)
                                                       7777 Bonhomme Avenue, Suite 1300
                                                       Clayton, MO 63105
                                                       Telephone: (314) 863-5700
                                                       croberts@butschroberts.com

                                                       CRAIG K. PERRY & ASSOCIATES

                                                       /s/ Craig K. Perry
                                                       Craig K. Perry, Esq.
                                                       Nevada Bar No. 3786
                                                       2300 W. Sahara Ave., Suite 800
                                                       Las Vegas, Nevada 89102
                                                       Telephone: (702) 228-4777
                                                       cperry@craigperry.com

                                                       *Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

     A copy of the foregoing was served electronically upon all counsel of record via the Court's electronic filing system on November 25, 2025, and will also be mailed via first-class mail to Defendant Zupax Marketing, LLC c/o Registered Agents, Inc., located at 7901 4th Street North, Suite 300, St. Petersburg, Florida 33702 on December 1, 2025.

                                    */s/ Christopher E. Roberts*